IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERMA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-00875 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| PENNYMAC LOAN SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 23), recommending that the motion to dismiss (Doc. No. 13) filed by Defendant PennyMac Loan Services ("PennyMac") be granted. No objections to the R&R have been filed, and the time for filing objections has now expired.[1]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018

---

[1] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail.

WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

The R&R therefore is adopted and approved. Accordingly, PennyMac's motion to dismiss at Doc. No. 13 is GRANTED. Plaintiff's claims against PennyMac are hereby DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to state claims on which relief can be granted. The Clerk is directed to terminate PennyMac as a defendant. The claims against the other defendant, the Secretary of Veterans Affairs, remain pending, although it bears mentioning that the docket (especially docket nos. 19, 21 and 22, considered collectively) clearly reflects a substantial issue as to whether those claims should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE