UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERMA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC, et al.,<br><br>    Defendants. | Case No. 3:23-cv-00875<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

More than nine months have passed since pro se Plaintiff Sherma Johnson initiated this action against Defendants PennyMac Loan Services, LLC (PennyMac) and Secretary of the U.S. Department of Veterans Affairs Denis R. McDonough.[1] (Doc. No. 1.) In that time, the Court has identified the rules and requirements for Johnson to effect service of process on McDonough and extended the deadline for Johnson to effect service on McDonough to May 6, 2024. (Doc. Nos. 12, 19, 24.) Although it appears that Johnson attempted to serve McDonough by that date, that attempt does not constitute proper service, and McDonough has not appeared in this action or responded to Johnson's complaint.

---

[1]     On June 13, 2024, the Court entered an order adopting the Magistrate Judge's report and recommendation that Johnson's claims against PennyMac be dismissed and that PennyMac be dismissed as a defendant in this action. (Doc. No. 24.)

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Johnson's claims against McDonough without prejudice under Federal Rule of Civil Procedure 4(m) for Johnson's failure to effect service of process.

**I.      Relevant Background**

On August 21, 2023, Johnson initiated this action by filing a complaint against PennyMac and McDonough alleging that her monthly payments on a residential mortgage loan were misapplied and that a foreclosure proceeding on her property was imminent and asserting violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and several state laws.[2] (Doc. No. 1.) The Court notified Johnson at the outset of the litigation that she "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4" and directed her to online resources for pro se litigants available on the Court's website. (Doc. No. 12, PageID# 90.) On October 3, 2023, the Clerk of Court issued summonses addressed to PennyMac and McDonough using addresses Johnson provided for each in proposed summonses. (Doc. No. 11.)

On April 4, 2024, the Court entered an order finding that "[m]ore than 200 days ha[d] passed since Johnson initiated this action," "Johnson ha[d] not filed proof of service for McDonough," and McDonough had yet to appear or respond to Johnson's complaint. (Doc. No. 19, PageID# 150.) The Court recited the requirements of Rule 4(i) for serving officers of the

---

[2]      Johnson does not specify in her complaint whether she asserts claims against McDonough in his individual or official capacity. (Doc. No. 1.) While the complaint asserts seven claims, McDonough is only mentioned in Johnson's claim for intentional infliction of emotional distress (IIED). (*Id.*) The Court therefore construes the complaint as only asserting a claim for IIED against McDonough. *Cf. Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims where the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged" causes of action).

United States and found that the service address Johnson provided for McDonough was not associated with the Department of Veterans Affairs, the U.S. Attorney's Office for this District, or the U.S. Attorney General. (Doc. No. 19.) The Court extended the deadline for Johnson to effect service of process on McDonough to May 6, 2024, and informed Johnson that she could request a new summons from the Clerk of Court addressed to McDonough at a proper mailing address. (*Id.*) The Court also warned Johnson that failure to serve McDonough by the extended deadline could result in a recommendation that her claim against McDonough be dismissed under Rule 4(m). (*Id.*)

On April 30, 2024, at Johnson's request, the Clerk of Court issued a summons addressed to the "Secretary of Veteran Affairs" at "Vermont Avenue NW, Washington, DC 20420[.]" (Doc. No. 20.) On the same day, Johnson filed a proof of service affidavit stating that she had served McDonough that day. (Doc. No. 21.) A week later, Johnson filed a "certificate of service" stating that, also on April 30, 2024, she sent copies of the summons and complaint by U.S. Postal Service (USPS) Priority Mail to McDonough "at 1600 Pennsylvania Avenue NW, Washington, DC 20500-0005[.]" (Doc. No. 22, PageID# 155.) Johnson provided the USPS tracking number for that mailing. (Doc. No. 22.)

On June 13, 2024, Judge Richardson entered an order adopting and approving the Magistrate Judge's report and recommendation (Doc. No. 23) that PennyMac's motion to dismiss Johnson's claims against it be granted and that PennyMac be dismissed as a defendant in this action. (Doc. No. 24.) In that order, Judge Richardson noted that, while "claims against [McDonough] . . . remain pending, [ ] it bears mentioning that the docket (especially docket nos. 19, 21, and 22, considered collectively) clearly reflects a substantial issue as to whether those claims should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (*Id.* at PageID# 186.)

3

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(i) sets the following requirements for service of the United States and its agencies, corporations, officers, or employees:

> **(1) *United States.*** To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the di strict where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3) *Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(1)–(3)).

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III. Analysis

When a plaintiff sues an officer or employee of the United States, Rule 4(i) requires the plaintiff to serve both the officer or employee and the United States itself. Fed. R. Civ. P. 4(i)(1)–(3). The docket does not show that Johnson has taken these required steps.

First, while the Court recognizes that Johnson has attempted to serve McDonough, that effort falls short of what Rule 4(i) requires. Johnson requested a summons for McDonough on April 30, 2024, and filed a proof of service affidavit on the same day stating that she "served the summons on Denis McDonough, who is designated by law to accept service of process on behalf of . . . Secretary of Veteran Affairs on . . . 4/30/2024." (Doc. No. 21.) On May 7, 2024, Johnson filed a certificate of service providing the additional detail that she mailed a copy of the summons and complaint to McDonough on April 30, 2024, by USPS Priority Mail at 1600 Pennsylvania

Avenue NW in Washington, DC.³ (*Id.*) The certificate of service includes a USPS tracking number.⁴ (*Id.*)

Determining whether Johnson properly served McDonough is complicated by the fact that it is not clear from her complaint whether she sued McDonough in his individual or official capacity. If Johnson sued McDonough in his official capacity, Rule 4(i) requires that she provide the summons and complaint to him "by registered or certified mail." Fed. R. Civ. P. 4(i)(2). Service by USPS Priority Mail does not meet this requirement.

If Johnson sued McDonough in his individual capacity, she must serve him in compliance with Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(i)(3). Rule 4(e), in turn, requires that service be made by delivering a copy of the summons and complaint to the individual personally, leaving a copy of the documents at his dwelling "with someone of suitable age and discretion who resides there", or delivering a copy to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2). Johnson has not stated that she served McDonough personally, at his dwelling, or through his authorized agent. Alternatively, Johnson could achieve service on McDonough by showing that she followed "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In additional to various methods of personal service, Tennessee courts allow service by mail when a plaintiff sends a copy of the summons and complaint "by

---

³ The Court takes judicial notice that 1600 Pennsylvania Avenue NW is the address of the White House.

⁴ Entering the provided tracking number in the USPS website shows that the package was "picked up at a postal facility at 5:05 a.m. on May 14, 2024 in WASHINGTON, DC 20420." USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405511206210171804810 (last visited June 25, 2024). It does not state who picked up the package or include delivery confirmation by signature.

7

Case 3:23-cv-00875    Document 27    Filed 06/26/24    Page 7 of 11 PageID #: 204

registered return receipt or certified return receipt mail." Tenn. R. Civ. P. 4.04(10). Again, USPS Priority Mail is not a valid substitute. The District of Columbia allows service by registered or certified mail and also by first-class mail *if* the plaintiff sends the defendant a copy of the summons and complaint, "2 copies of a Notice and Acknowledgment confirming substantially to Civil Action Form 1-A," and "a return envelope, postage prepaid, addressed to the sender." D.C. Super. Ct. R. Civ. P. 4(c)(5). There is no indication that Johnson met these additional requirements.

Second, even if Johnson had achieved proper service on McDonough, she has not met Rule 4(i)'s requirement that she also serve the United States. To serve the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought [or his or her designee]" or "send a copy of each by registered or certified mail to the civil process clerk at the United States attorney's office" *and* "send a copy of [the summons and complaint] to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)–(B). There is no indication in the docket that Johnson served the U.S. Attorney for the Middle District of Tennessee or his designee. Likewise, there is no indication that Johnson served the Attorney General of the United States.

In a prior order addressing Johnson's failure to effect service of process on McDonough, the Court provided the relevant text of Rule 4(i), pointed to Johnson that the address she provided initially for McDonough was incorrect, and directed her to resources available on this Court's website for pro se litigants on how to effect service of process. (Doc. No. 19.) The Court also warned Johnson that failure to effect service of process on McDonough would likely result in a recommendation that her claims against him be dismissed under Rule 4(m). (*Id.*) Johnson therefore has not shown good cause for an extension of time to complete service under Rule 4(m).

The Court thus must consider the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians Medical Center* to determine whether a further discretionary extension of the service deadline is warranted. The second factor—prejudice to the defendants—weighs in favor of granting Johnson a discretionary extension. There is no indication that McDonough would be unduly prejudiced by a further extension of the service deadline. *See id.* at 571 (noting that "examples of prejudice" include "'a defendant's inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events'") (quoting *Nartron Corp. v. Borg Indak, Inc.*, 848 F. Supp. 2d 725, 748 (E.D. Mich. 2012)). The events at the center of Johnson's claims are relatively recent as her complaint alleges that the acts in question took place from 2017 to 2023. (Doc. No. 1.)

The fourth factor—prejudice to the plaintiff—is neutral because it is unclear whether Johnson's IIED claim against McDonough would be time-barred if she re-asserted it in a new action. Courts in this District have held that a claim for intentional infliction of emotional distress "'is a personal injury [state-law] tort, governed by the general one-year statute of limitations' in Tenn. Code Ann. § 28-3-104." *Webster v. Sontara Old Hickory, Inc.*, No. 3:20-cv-00685, 2021 WL 1857344, at *2 (M.D. Tenn. May 10, 2021) (quoting *Campbell v. AdhereHealth, LLC*, No. 3:19-cv-00730, 2020 WL 5702471, at *5 (M.D. Tenn. Sept. 23, 2020)). The allegations in Johnson's complaint span from 2017 until at the latest the filing of this action on August 21, 2023, and Johnson's specific allegations for her IIED claim state that McDonough "flagrantly and intentionally ignor[ed] [her] numerous pleas over the years to correct her [mortgage] account and her loan[s] . . . ." (Doc. No. 1, PageID# 7, ¶ 33.) The Court is unable to determine based on the alleged facts supporting her IIED claim whether that claim would be time-barred if re-asserted in a new action.

The remaining factors weigh against an extension. A further extension would be well beyond the 90-day time period for service under Rule 4(m), as more than 300 days have passed since Johnson filed her complaint. There is no indication that McDonough has actual notice of this lawsuit, and there do not appear to be any unique equitable factors weighing in favor of another extension.

Because Johnson has not achieved service of process on McDonough in compliance with Rule 4(i) despite having the time in which to do so extended, being directed to resources for pro se litigants, and being put on notice that failure to do so could result in the dismissal of her claims, dismissal of Johnson's claim against McDonough without prejudice under Rule 4(m) is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Johnson's claims against McDonough be DIMISSED WITHOUT PREJUDICE under Rule 4(m) for failure to effect service of process.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of June, 2024.

ALISTAIR E. NEWBERN
United States Magistrate Judge