IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERMA JOHNSON, | ) |
| Plaintiff, | ) )  ) |
| v. | ) NO. 3:23-cv-00875 ) ) JUDGE RICHARDSON |
| PENNYMAC LOAN SERVICES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court[1] is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 27), wherein the Magistrate Judge recommends that this Court dismiss without prejudice Plaintiff Sherma Johnson's claims against Defendant Secretary of the U.S. Department of Veterans Affairs Denis R. McDonough ("McDonough ") under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to effect service of process. Plaintiff has filed objections to the R&R (Doc. No. 30, "Objections")[2].

Upon consideration of the Objections and other relevant filings,[3] and for the reasons stated below, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, and dismisses Plaintiff's claims against Defendant McDonough.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 30) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

[3] Those other relevant filings include the Complaint (Doc. No. 1) and several of this Court's earlier orders in this case (Doc. Nos. 12, 19, 24).

BACKGROUND

Plaintiff does not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R.[4] Therefore, the Court adopts that factual background in its entirety, and includes it here for reference.

> On August 21, 2023, Johnson initiated this action by filing a complaint against PennyMac and McDonough alleging that her monthly payments on a residential mortgage loan were misapplied and that a foreclosure proceeding on her property was imminent and asserting violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and several state laws. (Doc. No. 1.) The Court notified Johnson at the outset of the litigation that she "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4" and directed her to online resources for pro se litigants available on the Court's website. (Doc. No. 12, PageID# 90.) On October 3, 2023, the Clerk of Court issued summonses addressed to PennyMac and McDonough using addresses Johnson provided for each in proposed summonses. (Doc. No. 11.)
>
> On April 4, 2024, the Court entered an order finding that "[m]ore than 200 days ha[d] passed since Johnson initiated this action," "Johnson ha[d] not filed proof of service for McDonough," and McDonough had yet to appear or respond to Johnson's complaint. (Doc. No. 19, PageID# 150.) The Court recited the requirements of Rule 4(i) for serving officers of the United States and found that the service address Johnson provided for McDonough was not associated with the Department of Veterans Affairs, the U.S. Attorney's Office for this District, or the U.S. Attorney General. (Doc. No. 19.) The Court extended the deadline for Johnson to effect service of process on McDonough to May 6, 2024, and informed Johnson that she could request a new summons from the Clerk of Court addressed to McDonough at a proper mailing address. (*Id.*) The Court also warned Johnson that failure to serve McDonough by the extended deadline could result in a recommendation that her claim against McDonough be dismissed under Rule 4(m). (*Id.*)
>
> On April 30, 2024, at Johnson's request, the Clerk of Court issued a summons addressed to the "Secretary of Veteran Affairs" at "Vermont Avenue NW, Washington, DC 20420[.]" (Doc. No. 20.) On the same day, Johnson filed a proof of service affidavit stating that she had served McDonough that day. (Doc. No. 21.) A week later, Johnson filed a "certificate of service" stating that, also on April 30, 2024, she sent copies of the summons and complaint by U.S. Postal Service (USPS) Priority Mail to McDonough "at 1600 Pennsylvania Avenue NW,

---

[4] PennyMac Loan Services, LLC ("PennyMac") was also a named Defendant in Plaintiff's Complaint, but this Court has dismissed all of Plaintiff's counts against Defendant PennyMac. (Doc. No. 24). Therefore, the only remaining claims pertain solely to Defendant McDonough.

Washington, DC 20500- 0005[.]" (Doc. No. 22, PageID# 155.) Johnson provided the USPS tracking number for that mailing. (Doc. No. 22.)

On June 13, 2024, Judge Richardson entered an order adopting and approving the Magistrate Judge's report and recommendation (Doc. No. 23) that PennyMac's motion to dismiss Johnson's claims against it be granted and that PennyMac be dismissed as a defendant in this action. (Doc. No. 24.) In that order, Judge Richardson noted that, while "claims against [McDonough] . . . remain pending, [ ] it bears mentioning that the docket (especially docket nos. 19, 21, and 22, considered collectively) clearly reflects a substantial issue as to whether those claims should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (*Id.* at PageID# 186.)

R&R at 2-3.

The Magistrate Judge concluded that Plaintiff's claims against McDonough should be dismissed. (R&R at 2). Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against McDonough without prejudice, under Federal Rule of Civil Procedure 4(m), based on Plaintiff's failure to effect service of process upon McDonough.

Plaintiff filed objections to the R&R (specifically, the Objections (Doc. No. 30)), albeit after the time to file objections with the court had passed.[5] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. The Court generally has discretion to consider the merits of untimely objections even outside of this fourteen-day (or seventeen-day) window, and this Court accepts these Objections for review, in light of the noted delays, for reasons stated herein.

---

[5] The docket reflects that the R&R was filed and sent by regular mail to Plaintiff by the Clerk's office on June 26, 2024. The docket also reflects that the Objections were filed 19 days later, on July 15.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias*; *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). This Court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to Plaintiff does not make an objection. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018.

ANALYSIS

The Court first considers whether to accept Plaintiff's Objections. Generally, the failure to file timely objections to a Magistrate Judge's report and recommendation results in the waiver of the right to have a District Court Judge review that report and recommendation de novo. *See* Fed. R. Civ. Pro. 72(b)(3) (providing that a "district judge must determine de novo any part of a magistrate judge's disposition that has been *properly* objected to") (emphasis added). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides, however, that when an act must be done within a specified time, a court may, for good cause shown, extend the time to perform that act "on a motion made after the time has expired if the party failed to act because of excusable neglect." When determining if neglect is excusable, the Court balances five principle factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co.*, 507 U.S. at 395.

Plaintiff has noted that she is regularly in receipt of mail only after extensive delays, due to no fault of her own and only delayed delivery service, and that court filings are no exception. (Doc. No. 32 at 2). In this case, Plaintiff's reason for the untimely objections— that she is in receipt of mail long after if it is sent, leaving her little time to file a response— is generally excusable and due to circumstances outside of her control. Moreover, Defendant has not opposed Plaintiff's motion. Therefore, there is little danger of prejudice in reviewing Objections now, the length of

the delay is only several days, and the reasons for delay are outside of Plaintiff's control. On these facts, the Court will consider Plaintiff's Objections as if they were timely filed.. *See Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (explaining that "where a party files objections after [the time period allowed by rule] a district court can still consider them").

In her Objections, Plaintiff contends that the Court can extend the time for service of process for an appropriate period for good cause here. (Objections at 1). However, where the Magistrate Judge detailed a breakdown of the factors weighing against a further discretionary extension, Plaintiff does not point to any particular factors and instead makes only general objections to the R&R's conclusions. Further, Plaintiff fails to explain why, on balance, the factors should come out differently than the Magistrate Judge recommends; instead, she merely notes only her corrected attempts at service in support. (Objections at 2). On de novo review, the Court reaches the conclusion regarding these factors as did the Magistrate Judge.

Further, Plaintiff concedes in her Objections that in previously attempting to serve Defendant McDonough, she used a type of mailing service that did not conform to procedural requirements. But she now purports to have (very belatedly) attempted proper service, having attempted to rectify procedural deficiencies after receipt of the R&R. (*Id.*). But in making this assertion, she does not point out anything that is incorrect or otherwise objectionable in the R&R.

To the extent that Plaintiff's Objections set forth what actually are *objections* to the R&R at all, they are general and conclusory, and so are tantamount to a complete failure to object. Furthermore, a full month before a new deadline (May 6, 2024) she set for Johnson to effect proper service, the Magistrate Judge provided the relevant text of Rule 4(i), pointed out to Johnson that the address she provided initially for McDonough was incorrect, and directed her to resources available on this Court's website for pro se litigants on how to effect service of process. (Doc. No.

19). The Magistrate Judge also warned Johnson that failure to effect service of process on McDonough would likely result in a recommendation that her claims against him be dismissed under Rule 4(m). (*Id.*)

Upon a de novo review of the R&R, in light of the newly accepted Objections, this Court now comes to same conclusion as the Magistrate Judge did. Even treating the Objections here as timely and otherwise procedurally, the Court overrules them. This is because the Court comes to the same conclusions recommended in the R&R—that the claims against McDonough should be dismissed without prejudice for failure to timely effect valid service of process.

This Court is aware of Plaintiff's pro se status, but that status does not change the Court's conclusion, as the Magistrate Judge more than accounted for her pro se status via the aforementioned leniency and guidance she previously extended to Plaintiff. (*Id.*) Further, the Magistrate Judge has pointed Plaintiff to resources for attempting proper service MJ has allowed Plaintiff more time to serve McDonough at a correct mailing address. (Doc. No. 19 at 3). Further, the Court has extended leniency in accepting (and considering) the Objections even though they were filed after the deadline to file objections had passed. Plaintiff argues that a dismissal of these claims, if this Court adopted the R&R, would be premature because she has now served Defendants correctly. (Objections at 2). However, Plaintiff does not introduce any new cases or citations, or allege that the Magistrate Judge used an incorrect standard or mis-applied a standard, on any part of the R&R. Although the Court acknowledges that Plaintiff is proceeding pro se, that does not obligate the Court to consider non-specific objections (to the extent anything in the response could even be considered an objection) within Plaintiff's filings. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (explaining that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position). The Court gathers that Plaintiff maintains that she has been

wronged and believes that her attempts at service now comport with the procedural requirements. The Court does not begrudge her position in this regard, but Plaintiff's position, such as it is, is simply not responsive to the bases set forth in the R&R to dismiss her claims. Accordingly, Plaintiff's Objections will be overruled.

## CONCLUSION

For the reasons discussed herein, the R&R (Doc. No. 27) is adopted. Accordingly, Plaintiff's claims against Defendant McDonough are DISMISSED without prejudice.

The adoption of the Magistrate Judge's R&R leaves all claims in this matter dismissed. Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE